**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER MASON,

                                Plaintiff,

    - v -                                              Civ. No. 9:17-CV-1086
                                                                (GLS/DJS)

M. MOORE, T. LAMICA, E. VELIE, D. RONDEAU,
D. GAGNE, and B. TRUAX,

                                Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

Christopher Mason
Plaintiff *Pro Se*
12-A-0162
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440

HON. ERIC T. SCHNEIDERMAN        ERIK PINSONNAULT, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 while an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The Complaint was initially reviewed by Senior District Judge Gary L. Sharpe

pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 5. Following that review, the only claims that remain in this action are Eighth Amendment excessive force and failure to intervene claims. *Id* at p. 11. Pursuant to FED. R. CIV. P. 12(b)(6), Defendant Rondeau has filed a Motion to Dismiss the excessive force claim brought against him. Dkt. No. 18. Plaintiff opposes the Motion. Dkt. No. 22. The remaining Defendants have answered the Complaint. Dkt. No. 19. Based upon the following analysis, the Court recommends that Defendant Rondeau's Motion to Dismiss be **granted**.

## I.  FACTUAL BACKGROUND

As alleged in the Complaint, Plaintiff was involved in a use of force incident on October 3, 2014 while housed at Upstate Correctional Facility. At that time Plaintiff was housed with another inmate who refused to exit his cell. Dkt. No. 1, Complaint ("Compl."), p. 5.[1] As a result of that refusal, corrections staff, some of whom are Defendants here, were involved in a cell extraction to remove Plaintiff's cell mate. *Id.* Plaintiff alleges that despite his request to be removed from the cell before the extraction, he was not removed and was subjected to excessive force by Defendants Velie, Gagne, and Lamica when they entered the cell. *Id.* at pp. 5-6. As part of this incident, correctional staff sprayed chemical agents into the cell. Dkt. No. 1-1 Compl., Ex. A. at p. 5. Plaintiff alleges that Defendant Rondeau then came into the cell and "forcefully placed" handcuffs on Plaintiff. Compl. at p. 6. He claims that the handcuffs were applied with "such force that plaintiff lost circulation in his right

---

[1] Because the Complaint does not contain page numbers, references here are to the pagination provided by the Court's CM/ECF system.

arm." *Id.* (internal quotations omitted).  Following the incident, Plaintiff was issued a misbehavior report regarding events that took place in the cell which charged him with refusing a direct order, interference, and a movement violation.  Compl., Ex. A at p. 3.

Plaintiff attached as Exhibit C to the Complaint certain medical records from his custody with DOCCS.  Dkt. No. 1-3, Compl., Ex. C.  Those records indicate that on October 4, 2014, Plaintiff was seen by medical staff and his right wrist was swollen and red.  *Id.* at p. 2.  Two days later Plaintiff complained that his right hand was numb and expressed concern about potential nerve damage.  *Id.* at p. 3.  As summarized in the Complaint, over the course of the next several months, Plaintiff complained of continued hand pain.  *See* Compl. at pp. 10-11.  Plaintiff continued to complain of pain in his hand throughout the first half of 2015.  *Id.* at p. 12.  He eventually had hand surgery in 2016.  *Id.* at p. 13.

## II. MOTION TO DISMISS STANDARD OF REVIEW

On a motion to dismiss under FED. R. CIV. P. 12(b)(6) the Court takes "all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor."  *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017).  "The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991)).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the

plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 440 U.S. at 555). The process of determining whether a plaintiff has "nudged [his] claims ... across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679–80.

### III. DISCUSSION

Plaintiff is a convicted prisoner; as such, his claim for excessive force is analyzed under the Eighth Amendment. *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). Defendant Rondeau seeks dismissal from the action on the ground that Plaintiff can not establish either the objective or subjective prongs of an Eighth Amendment claim. Dkt. No. 18-1, Def.'s Mem. of Law at pp. 3-6. For the reasons which follow, while the Court

disagrees with Defendant's position regarding the objective prong of the claim, it recommends that dismissal is appropriate because Plaintiff has failed to adequately allege sufficient facts to establish the subjective prong of his excessive force claim.

"The Eighth Amendment prohibition on cruel and unusual punishments precludes the unnecessary and wanton infliction of pain and protects inmates against the use of excessive force." *Jones v. Rock*, 2013 WL 4804500, at *17 (N.D.N.Y. Sept. 6, 2013) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Eighth Amendment excessive force claims have both objective and subjective elements. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright v. Goord*, 554 F.3d at 268 (quoting *Hudson v. McMillian*, 503 U.S. at 8). "The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (check quote)

"While handcuffs must be reasonably tight to be effective, overly tight handcuffing may constitute excessive force." *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 213 (N.D.N.Y. 2015) (quoting *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y.2008)). "To sufficiently plead an excessive force claim based upon tight handcuffing, the plaintiff must allege more than a temporary injury." *Burroughs v. Petrone*,

138 F. Supp. 3d at 213 (quoting *Jackson v. City of New York*, 939 F. Supp. 2d 219, 231 (E.D.N.Y.2013)).

Defendant argues that Plaintiff has failed to allege a sufficient injury to establish an Eighth Amendment claim. Def.'s Mem. of Law at p. 5. The Complaint does, however, allege that Plaintiff suffered pain in his wrist and hand over an extended period of time after the October 2014 incident. Compl. at pp. 10-12. The medical records attached to the Complaint show that more than two months after the incident Plaintiff was still complaining of pain in the right hand which resulted in a prescription for pain medication. Compl., Ex. C at pp. 12-13. That medication was subsequently refilled several times. *See*, *e.g.*, *id.* at p. 16. When he was transferred out of Upstate Correctional Facility in March 2015 he was still complaining of hand pain related to the cell extraction. *Id.* at pp. 18 & 20. In opposing the Motion, Plaintiff further contends that "it was later determined by a physician that plaintiff suffered nerve damage which required surgery." Dkt. No. 22, Pl.'s Mem. of Law at p. 6. These assertions may be considered by the Court in addressing the Motion. *Gillespie v. New York State Dep't of Corr. Servs.*, 2010 WL 1006634, at *3 (N.D.N.Y. Feb. 22, 2010), *report and recommendation adopted*, 2010 WL 1006643 (N.D.N.Y. Mar. 19, 2010) (citing *Locicero v. O'Connell*, 419 F. Supp.2d 521, 525 (S.D.N.Y.2006) ("in the case of a motion to dismiss involving a *pro se* plaintiff, the court may look beyond the complaint to plaintiff's opposition papers."). Defendant asserts that there is "no plausible connection" between this surgery and the handcuffing. Dkt. No. 23, Def.'s Reply at p. 2. The Court expresses no view as to

whether or not Plaintiff would ultimately be able to establish that these injuries are related to the handcuffing incident at issue in this litigation. But on a Motion to Dismiss, those allegations are sufficient to satisfy the objective element of Plaintiff's Eighth Amendment cause of action.

This case is unlike others where there were no allegations at all of pain or injury made by the Plaintiff and dismissal was thus appropriate. *See*, *e.g.*, *Layou v. Crews*, 2013 WL 5494062, at *9 (N.D.N.Y. Sept. 30, 2013) (dismissing claim where "Plaintiff does not claim that he sustained any pain, discomfort, or injury as a result of being handcuffed. Plaintiff does not allege that he requested medical attention or ever complained the cuffs were too tight"); *Bourdon v. Roney*, 2003 WL 21058177, at *10 (N.D.N.Y. Mar. 6, 2003) ("Bourdon has not alleged or provided any evidence of permanent injury as a result of being handcuffed").

As to the subjective prong, on the other hand, the Complaint fails to sufficiently allege an impermissible motive by Defendant Rondeau sufficient to withstand dismissal. When prison officials are accused of excessive force, the subjective component turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 7; *see also Blyden v. Mancusi*, 186 F.3d at 262–63. "The subjective component relates to whether the defendants had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994).

Even taken in the light most favorable to Plaintiff, the facts as alleged fail to satisfy the subjective component of such a claim. Plaintiff was involved in a cell extraction in a double bunked cell at Upstate Correctional Facility. While Plaintiff alleges that he was entirely compliant with directions of correctional staff during this incident, he was issued a misbehavior report regarding his failure to follow instructions during the incident. Compl., Ex. A at p. 2. The incident also involved the use of chemical agents in his cell. *Id.* at pp. 4-5. Plaintiff was then removed from his cell, brought to the decontamination room, and then seen by medical staff. *Id.* at p. 3. The handcuffs were applied when Plaintiff was in his cell prior to him being moved to the decontamination room. Compl., at p. 6. The subjective element's wantonness requirement is evaluated "in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d at 63. "[H]andcuffing an inmate is a regular incident of prison life." *Weathers v. Uhler*, 2014 WL 1056947, at *9 (N.D.N.Y. Mar. 18, 2014).

Here, given the obvious need to remove Plaintiff from his cell following the use of chemical agents, his alleged misconduct during the incident, and the absence of any specific allegation of wantonness or maliciousness on Rondeau's part, there is no plausible basis for thinking that the use of handcuffs was anything other than a "good-faith effort to maintain or restore discipline" as opposed to a malicious and sadistic attempt to harm Plaintiff. *Hudson v. McMillian*, 503 U.S. at 7; *Ashcroft v. Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.").

As noted, the Complaint makes no specific allegation of wantonness or maliciousness on Rondeau's part. Plaintiff alleges only that the handcuffs were applied with "force." Compl. at p. 6. His papers opposing the Motion offer nothing further regarding the subjective component. *See* Dkt. No. 22. Given the facts provided in the Complaint, this failure to make specific allegations regarding Defendant Rondeau's state of mind is fatal to this claim. *Vega v. Duffy,* 2017 WL 4180020, at *8 (S.D.N.Y. Sept. 20, 2017) ("Plaintiff does not allege, and there is no evidence in the record to support, the subjective component of an excessive force claim."); *Benitez v. Locastro*, 2010 WL 419999, at *12 (N.D.N.Y. Jan. 29, 2010) (based on available facts, complaint alleging in conclusory form that handcuffs were "wantonly" applied too tightly was insufficient to meet subjective test).

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 18) be **GRANTED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next

(continued...)

to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 8, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2](...continued)
day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).