**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER MASON,

                                        Plaintiff,

                - v -                                        Civ. No. 9:17-CV-1086
                                                                    (GLS/DJS)

M. MOORE, T. LAMICA, E. VELIE, D. RONDEAU,
D. GAGNE, and B. TRUAX,

                                        Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

CHRISTOPHER MASON
Plaintiff *Pro Se*
12-A-0162
Cape Vincent Correctional Facility
Rte. 12E
PO Box 739
Cape Vincent, New York 13618

HON. LETITIA JAMES                        ERIK BOULE PINSONNAULT, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

### I. INTRODUCTION

    Plaintiff, an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), commenced this action pursuant

to 42 U.S.C. § 1983 alleging the violation of his constitutional rights.  Dkt. No. 1, Compl.

The Complaint was initially reviewed by Senior District Judge Gary L. Sharpe pursuant

to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  Dkt. No. 5.  Following that review, the

only claims that remain in this action are Eighth Amendment excessive force and failure

to intervene claims.  *Id.* at p. 11.

Presently before this Court is a partial Motion for Summary Judgment seeking

dismissal of any Eighth Amendment excessive force claim regarding the use of chemical

agents and the dismissal of the failure to intervene claims against Defendants Moore and

Truax.  Dkt. Nos. 45 & 45-1, Defs.' Mem. of Law.  Plaintiff opposes the Motion.  Dkt.

No. 47.  Defendants have filed a Reply in further support of the Motion.  Dkt. No. 48.

For the reasons that follow, the Court recommends that the Motion be granted in part and

denied in part.

## II. BACKGROUND

### A. Plaintiff's Failure to File a Response to Defendants' Rule 7.1 Statement

Pursuant to this District's Local Rules, "[t]he Court shall deem admitted any

properly supported facts set forth in the Statement of Material Facts that the opposing

party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3).  As required by the Local

Rules, Defendants' counsel advised Plaintiff of the consequences of failing to file a

response to Defendants' Rule 7.1 Statement of Material Facts. Dkt. No. 45 at p. 3.

Plaintiff, however, did not file a direct response to Defendants' Statement of Material

Facts. Although a *pro se* litigant is entitled to a liberal construction of his filings, *see*

*Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013), his *pro se* status does not

- 2 -

relieve him of his obligation to comply with the relevant procedural rules, *see Marino v. Watts*, 2018 WL 3121612, at *1 (N.D.N.Y. Mar. 7, 2018), *report and recommendation adopted sub nom. Marino v. Schult*, 2018 WL 1578163 (N.D.N.Y. Mar. 30, 2018).  The Court therefore will deem the facts as set forth in Defendants' Statement of Material Facts admitted, to the extent they are properly supported and not inconsistent with other record evidence offered by Defendants in support of their Motion.

## B.  Factual Background

This case arises out of a cell extraction that took place at Upstate Correctional Facility on October 3, 2014.  On that date, Plaintiff's cellmate, an inmate named Hyatt, was to be removed from his cell, but refused.  Dkt. No. 45-4, Truax Decl. at ¶ 4; Dkt. No. 45-4, Moore Decl. at ¶ 4.  Inmate Hyatt was non-compliant with numerous orders from correctional staff to exit the cell.  Dkt. No. 45-3, Ex. A, Pl.'s Dep. at p. 37.  Correctional staff made multiple attempts to convince Hyatt to voluntarily leave his cell, including bringing five or six different staff members in to speak with him.  *Id.* at p. 27.  Ultimately, the use of a chemical agent was authorized by the Superintendent of Upstate, Moore Decl. at ¶ 5, and extraction teams were brought in to remove Hyatt and Plaintiff from the cell. *Id.* at ¶ 9; Truax Decl. at ¶ 6.  Prior to the chemical agent being sprayed into the cell, Plaintiff was directed by Defendant Moore to get in the cell's shower "[t]o prevent Plaintiff's being affected by the CS aerosol."  Moore Decl. at ¶ 11; Pl.'s Dep. at pp. 41 & 107-108.  Moore claims that Plaintiff refused to do so, but Plaintiff alleges that he complied with this direction.  Moore Decl. at ¶ 11; Pl.'s Dep. at pp. 94 & 108.  The chemical agent was sprayed into the cell multiple times and correctional staff then entered

to extract the inmates. Moore Decl. at ¶ 11. Plaintiff claims that during the extraction he was repeatedly punched and kicked by corrections officers and that neither Moore nor Truax intervened to stop the attack. Pl.'s Dep. at pp. 55-56. Defendants deny that any improper force was used and instead contend that Plaintiff was fully compliant once officers entered his cell. Moore Decl. at ¶ 13; Truax Decl. at ¶ 8. Plaintiff was brought to be decontaminated following the use of the chemical agent. Moore Decl. at ¶ 14; Truax Decl. at ¶ 9.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory

allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. ANALYSIS

### A. Claims Regarding the Use of Chemical Agents

Defendants first seek summary judgment on any Eighth Amendment claim that may be presented in the case regarding the use of chemical agents in Plaintiff's cell. Defs.' Mem. of Law at pp. 6-9.  For the reasons that follow, it is recommended that this part of Defendants' Motion be granted.

First, the Court agrees with Defendants that the Complaint as pled does not present any excessive force claim based simply on the use of chemical agents.  Plaintiff's Complaint specifically states that "*upon entry* [] is when the 'Excessive Force" took place. Compl. at p. 6 (emphasis added).  It then discusses the actions of the Defendants who entered Plaintiff's cell and allegedly assaulted him.  *Id.*  There is no dispute that Defendant Moore was responsible for spraying the chemical agent into the cell and that this occurred *before* officers entered the cell.  Moore Decl. at ¶¶ 12-13.  As such, the Complaint's excessive force allegations do not encompass the use of the chemical agent itself.

In the alternative, summary judgment would be appropriate on the merits of such a claim in any event.  "The Eighth Amendment prohibition on cruel and unusual punishments precludes the unnecessary and wanton infliction of pain and protects inmates against the use of excessive force."  *Jones v. Rock*, 2013 WL 4804500, at *17 (N.D.N.Y. Sept. 6, 2013) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  Eighth Amendment excessive force claims have both objective and subjective elements.  *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "The objective component of a claim of cruel and unusual

- 6 -

punishment focuses on the harm done, in light of 'contemporary standards of decency.'" *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (quoting *Hudson v. McMillian*, 503 U.S. at 8). "The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Wright v. Goord*, 554 F.3d at 268).

Viewing the evidence in the light most favorable to Plaintiff, the Court presumes, without deciding, that Plaintiff's testimony regarding the breathing difficulties and burning sensations he endured following the use of the chemical agent, *see* Pl.'s Dep. at pp. 46-47, are sufficient to establish the objective prong of the Eighth Amendment claim at this stage of the proceedings. *See*, *e.g.*, *El-Massri v. New Haven Corr. Ctr.*, 2018 WL 4604308, at *10 (D. Conn. Sept. 25, 2018) (citing cases).

Plaintiff cannot, however, raise factual questions sufficient to withstand summary judgment with regard to the subjective component of an Eighth Amendment claim. The record is clear that Sgt. Moore was the individual who sprayed the chemical agent into Plaintiff's cell. Moore Decl. at ¶ 12. He alone, therefore, could be the proper Defendant to such a claim. As to him the record fails to establish any degree of the wantonness required to assert an Eighth Amendment claim. The cell extraction resulted from the refusal of Plaintiff's cellmate, inmate Hyatt, to leave the cell. Pl.'s Dep. at p. 24. By Plaintiff's own account, his cellmate, inmate Hyatt, was "belligerent," screaming and yelling, and "very hostile" to security staff attempting to get Hyatt to leave the cell. *Id.* at pp. 24 & 26. Plaintiff also testified that Hyatt repeatedly refused to leave the cell and

told security personnel to get staff to remove him. *Id.* at p. 24. The record further establishes that security staff made numerous attempts to discuss the matter with inmate Hyatt before resorting to an extraction, including having "roughly about five, six people" speak with Hyatt. *Id.* at p. 27. Plaintiff also testified that prior to the chemical agents being sprayed into his cell he was told by Defendant Moore to go into the cell shower. Pl.'s Dep. at pp. 41 & 107-108; *see also* Moore Decl. at ¶ 11. After the incident Plaintiff was immediately taken to a decontamination shower. Truax Decl. at ¶ 10. "In evaluating the use of a chemical agent in a prison setting, courts have refused to find actionable conduct where, as here, the deployment was used 'in a good-faith effort to maintain or restore discipline.'" *Anderson v. Darby*, 2017 WL 933085, at *5 (E.D.N.Y. Feb. 13, 2017), *report and recommendation adopted*, 2017 WL 927611 (E.D.N.Y. Mar. 6, 2017) (quoting *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 501 (S.D.N.Y. 2014)). The fact that inmate Hyatt, not Plaintiff, was the disruptive inmate does not change the analysis. *Cruz-Droz v. Marquis*, 2018 WL 1368907, at *3 (D. Conn. Mar. 16, 2018) ("Courts considering this issue have held that the exposure of non-disruptive inmates to a chemical agent is not cognizable under section 1983."); *White v. City of New York*, 2017 WL 3575700, at *4 (S.D.N.Y. Aug. 17, 2017).

For these reasons, summary judgment is appropriate as to any Eighth Amendment claim regarding the use of chemical agents.

### B. Plaintiff's Failure to Intervene Claim

The Complaint alleges that Defendants Moore and Truax failed to intervene to stop excessive force that was being used against Plaintiff. Compl. at pp. 7-8. "A corrections

officer who does not participate in, but is present when an assault on an inmate occurs may still be liable for any resulting constitutional deprivation." *Henry v. Dinelle*, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011). A failure to intervene claim requires that Plaintiff prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

Defendants seek summary judgment on this claim on the ground that Plaintiff failed to show that either Defendant witnessed any improper use of force against Plaintiff or that, even if they had, that given the short time span of the incident in question they had no opportunity to intervene. Defs.' Mem. of Law at pp. 10-11. On the record before the Court questions of fact preclude a grant of summary judgment.

First, there are clear questions of fact about whether any improper use of force took place at all.[1] Plaintiff alleges that despite being compliant with staff direction he was punched between seven and eight times and kicked seven or eight times by correctional staff. Pl.'s Dep. at pp. 55-56. Defendant Truax's Declaration states that Plaintiff followed staff direction and that he was not subjected to excessive physical force. Truax Decl. at ¶¶ 8 & 13. Defendant Moore similarly states that when officers entered the cell Plaintiff was compliant and was not subjected to inappropriate force. Moore Decl.

---

[1] The existence of such factual questions is perhaps best shown by the fact that the Defendants accused of improperly using force have not sought summary judgment as to that claim.

at ¶¶ 13 & 19.  Moore does, however, state that prior to entering the cell Plaintiff failed to comply with orders about where to go within his cell.  *Id.* at ¶ 11.  The declarations, therefore, establish that the Defendants were aware of what was happening inside Plaintiff's cell.  As a result, viewed in the light most favorable to Plaintiff, Defendants presumably could have seen if improper force was used.

This case is thus unlike *Clark v. Gardner*, 256 F. Supp.3d 154 (N.D.N.Y. 2017) upon which Defendants rely.  In *Clark*, the plaintiff was allegedly assaulted by an unknown group of individuals and the supervisory staff member of the unit where the assault allegedly took place was sued for failure to protect.  256 F.Supp.3d at 167.  There, the mere allegation that that the defendant was the supervising officer was not sufficient to establish liability for failure to protect.  *Id.* at 168.  Here, however, Defendants are on record as having been able to witness the event in question.  *See generally* Moore Decl.; Truax Decl.  Given the question of fact about whether Plaintiff was punched or kicked while allegedly compliant with staff direction, *see* Pl.'s Dep. at pp. 55-56, summary judgment is inappropriate on Plaintiff's claim.

The Court also recommends rejecting Defendants' argument that because the incident in question lasted only approximately fifteen to twenty seconds, Pl.'s Dep. at p. 81, summary judgment is appropriate on the ground that Defendants would have had not an opportunity to intervene.  *See* Defs.' Mem. of Law at p. 11.  The Second Circuit has rejected the notion that there is any "bright-line" for the amount of time under which a failure to intervene claim is not actionable.  *Figueroa v. Mazza*, 825 F.3d 89, 107 (2d Cir. 2016).  Instead it has emphasized that:

> Failure-to-intervene claims can arise out of a limitless variety of factual circumstances. In each case, the question whether a defendant had a realistic chance to intercede will turn on such factors as the number of officers present, their relative placement, the environment in which they acted, the nature of the assault, and a dozen other considerations. Among these considerations, of course, the assault's duration will always be relevant and will frequently assume great importance.

*Id.* Here, again viewing the evidence in the light most favorable to Plaintiff, the allegation is that Plaintiff, while in the view of Defendants Moore and Truax, was compliant with staff directions, but was nonetheless punched and kicked multiple times. Pl.'s Dep. at pp. 55-56; Moore Decl. at ¶ 13. This, if true, may provide a basis for failure to protect liability. Under the circumstances, this question is best left to a jury to resolve the factual dispute. *Figueroa v. Mazza*, 825 F.3d at 108; *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (discussing factual nature of inquiry into whether there was sufficient time to intercede to prevent harm).

## V. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 45) be **GRANTED as to claims regarding the use of chemical agents and DENIED as to Plaintiff's failure to intervene claim**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

- 11 -

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 13, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).