UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER MASON,

              *Plaintiff*,   **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE***

    v.

M. MOORE, T. LAMICA, E. VELIE,   Civ. No. 9:17-CV-01086-DJS
D. GAGNE, and B. TRUAX,

              *Defendants*.

Respectfully Submitted,
**Rupp Baase Pfalzgraf Cunningham, LLC**
Phillip A. Oswald, Esq., of counsel
Bar Roll # 519974
227 Washington Street
Saratoga Springs, New York 12866
(518) 886-1902

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| POINT I | 2 |
| PROOF OF THE ROBBERY CONVICTION SHOULD BE PRECLUDED BECAUSE ROBBERY IS A CRIME OF VIOLENCE AND NOT OF STEALTH, THEREBY MAKING PRECLUSION CONSISTENT WITH THE SECOND CIRCUIT'S DECISION IN *U.S. V. ESTRADA*. | |
| POINT II | 4 |
| DEFENDANTS HAVE NOT MET THEIR BURDEN TO OFFER EVIDENCE OF PLAINTIFF'S DISCIPLINARY HISTORY BECAUSE THEY PRESENT NOTHING MORE THAN THE NAMES OF CHARGES THAT DO NOT APPEAR TO REFLECT ADVERSELY ON CHARACTER FOR TRUTHFULNESS ANY MORE THAN THE "BRIBERY/EXTORT" CHARGE AT ISSUE IN *TAPP V. TOUGAS*. | |
| POINT III | 5 |
| DEFENDANTS' MOTION TO PRECLUDE UNSPECIFIED EVIDENCE MUST BE DENIED IN GENERAL BECAUSE THEY DO NOT SPECIFY THE EVIDENCE AT ISSUE, AND IT MUST BE DENIED SPECIFICALLY WITH RESPECT TO ANY EVIDENCE SHOWING THE TOTALITY OF THE CIRCUMSTANCES. | |
| CONCLUSION | 7 |

**PRELIMINARY STATEMENT**

Apparently, Defendants seek to admit evidence of an *entirely unrelated* robbery conviction and disciplinary charges, while precluding evidence of *entirely related* to the cell extraction at issue. To wit, they would like to paint Plaintiff as having a propensity for violence and to be a rule violator, while precluding him from submitting proof of the circumstances present at the time — during or only minutes before or after — the extraction. While unfair, Defendants' strategy is not surprising given that they have exploited Plaintiff's pro se status throughout this case (*see* Dkt. No. 72-2 at 9-15; Dkt. No. 94-2 at 4-6, 15-18). In any event, for the reasons discussed below and in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion in Limine ("Plaintiff's motion in limine"), this Court should deny Defendant's motion with respect to Plaintiff's robbery conviction, his disciplinary history, and "evidence" of dismissed claims — whatever unspecified evidence it might be.

**ARGUMENT**

As an initial matter, Plaintiff does not oppose Points III and IV seeking to preclude evidence of medical records for which there is no foundation and evidence of indemnification, respectively. Plaintiff, however, does oppose the relief requested in Points I, II, and V, which is to admit evidence of Plaintiff's prior robbery conviction, evidence of his disciplinary history, and to preclude unspecified evidence relating to dismissed claims, respectively. The first two forms of relief also are addressed in Point I of Plaintiff's motion in limine, which seeks to preclude that same evidence. Point I and II below, however, briefly address this. Point III below addresses Defendant's argument on evidence of dismissed claims.

# POINT I

## PROOF OF THE ROBBERY CONVICTION SHOULD BE PRECLUDED BECAUSE ROBBERY IS A CRIME OF VIOLENCE AND NOT OF STEALTH, THEREBY MAKING PRECLUSION CONSISTENT WITH THE SECOND CIRCUIT'S DECISION IN *U.S. V. ESTRADA*.

First and foremost, for the reasons explained in Plaintiff's motion in limine (Dkt. No. 72-2 at 2-5), this Court should deny Defendant's motion seeking to cross-examine Plaintiff on his prior robbery conviction. Defendant's case law does not support this part of their motion. Specifically, in *United States v. Steele*, 216 F.Supp.3d 317, 327 (S.D.N.Y. 2016), the prior conviction also was "an element of [the criminal defendant's] offense" in that case, which means that "there [was] little additional prejudice." Furthermore, the *Steele* court cited to the Second Circuit's decision in *U.S. v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005), but the *Estrada* court was referring to "theft" crimes in general and "larceny" in particular — which the court held could be used for impeachment because it was a crime of "stealth."[1]

To the contrary, robbery involves the use of force, not stealth. N.Y. Pen. Law § 160.00 (McKinney 2021). In fact, the Second Circuit acknowledged this principle in *Estrada*. *Estrada*, 430 F.3d at 614 (citing *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir.1977) (noting that "crimes of force, such as armed robbery or assault, or crimes of stealth, such as burglary or petit larceny, do not come within" Rule 609(a)(2)") and *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir.1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)"). Accordingly, in *United States v.*

---

[1] It is important to note that even the *Steele* court limited the proof to "only the date, jurisdiction and statutory name of the offense." *United States v. Steele*, 216 F.Supp.3d 317, 327 (S.D.N.Y. 2016). Defendants propose the same here (Dkt. No. 89 at 2), but the prejudicial effect will still remain because just the name of the crime as commonly understood — and, indeed, as defined under the Penal Law — will give rise to an assumption that Plaintiff is violent and that Defendants were justified in using unnecessary force.

*Serrano*, 192 F.Supp.3d. 407 (S.D.N.Y. June 14, 2016), the court precluded the use of a robbery conviction because it "categorized" robbery as a "violent crime," rather than a theft crime involving stealth. The *Serrano* court also cited *Estrada* for its holding. *Id*. Additionally, the *Serrano* court properly held that the crime of robbery was "not crimen falsi that [is] automatically admissible under Rule 609(a)(2)," and "the Government has not made a showing that the probative value of such testimony would substantially outweigh any prejudicial effect." *Id*. (citing *Estrada*, 430 F.3d at 621).

Here, this case is more analogous to *Serrano* and distinguishable from *Steele* because Plaintiff's prior robbery conviction is not an element of any defense or claim. Furthermore, characterizing robbery as a crime of violence rather than a crime of stealth is consistent with the way that robbery is defined under the Penal Law, and, therefore, excluding a robbery conviction is more consistent with the Second Circuit's reasoning and holding in *Estrada*. Additionally, for the same reason — *i.e.*, that robbery is a crime of violence — the prejudice here is great because the jury could plausibly infer that Plaintiff was prone to violence and, as a result, Defendants were justified in using excessive force. Thus, to allow proof of the robbery conviction here would do nothing more than to unnecessarily and needlessly paint Plaintiff as prone to violence, thereby inviting the jury to draw unfavorable opinions of him regardless of the evidence that is relevant to the facts that actually are at issue.

## POINT II

### DEFENDANTS HAVE NOT MET THEIR BURDEN TO OFFER EVIDENCE OF PLAINTIFF'S DISCIPLINARY HISTORY BECAUSE THEY PRESENT NOTHING MORE THAN THE NAMES OF CHARGES THAT DO NOT APPEAR TO REFLECT ADVERSELY ON CHARACTER FOR TRUTHFULNESS ANY MORE THAN THE "BRIBERY/EXTORT" CHARGE AT ISSUE IN *TAPP V. TOUGAS*.

Again, for the reasons discussed in support of Plaintiff's motion in limine (Dkt. No. 72-2 at 6-7), this Court should deny Defendants' motion to use Plaintiff's prior disciplinary record for impeachment. Both parties cite *Tapp v. Tougas*, 2018 WL 1918605 at *4 (N.D.N.Y. 2018), which allowed this evidence for the charges of "false info," "impersonation," and "counterfeiting" and *did not* allow evidence for charges of "bribery/extort." Obviously, the reasoning was that the former reflected on character for truthfulness, while the latter had "no bearing" on that issue. *Id*. Furthermore, even if only offered for impeachment purposes, courts can look beyond the names of the offense and look at the underlying facts to determine if the prior bad acts involve "falsity or deceit." *U.S. v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005).

Here, Defendants seek to offer evidence of charges for "smuggling, altered item, tampering, and contraband," but they provide no explanation or proof as to why these crimes involve stealth or deceit. Admittedly, these charges — like most charges — appear to involve some stealth or deceit, but — as the Second Circuit acknowledged in *Estrada* — that alone is not sufficient to render them admissible for impeachment. Indeed, "much successful crime involves some quantum of stealth, [but] all such conduct does not, as a result, constitute crime of dishonesty or false statement." In fact, judging them just by their name, they appear no more stealthy or deceitful than the "bribery/extort" charge that was not allowed in *Tapp*. Accordingly,

-4-

without more, the names of these charges do not sufficiently reflect adversely on Plaintiff's character for truthfulness, and, therefore, Defendants have not met their burden.[2]

### POINT III

### DEFENDANTS' MOTION TO PRECLUDE UNSPECIFIED EVIDENCE MUST BE DENIED IN GENERAL BECAUSE THEY DO NOT SPECIFY THE EVIDENCE AT ISSUE, AND IT MUST BE DENIED SPECIFICALLY WITH RESPECT TO ANY EVIDENCE SHOWING THE TOTALITY OF THE CIRCUMSTANCES.

First and foremost, this part of Defendant's motion must be denied because they do not even identify what evidence they seek to preclude. As a result, Plaintiff is effectively unable to present a full opposition without knowing what evidence is at issue. Nonetheless, Plaintiff will assume, for the sake of this motion, that Defendants seek to preclude evidence of the chemical agent and Plaintiff's arm injury.

Generally, evidence of the relevant conditions and circumstances surrounding and relating to tortious acts complained of is admissible. *See generally Comins v. Scrivener*, 214 F.2d 810, 812 (10th Cir. 1954). Indeed, specifically, Eighth Amendment excessive force claims require the jury to consider the *totality of the circumstances*. *See Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995); *see also Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005) ("whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). Additionally, the subjective prong of this claim entails considering the need for the application of force, the correlation between that need and the amount of force used, and the threat reasonably

---

[2] In any event, as discussed in Plaintiff's motion, "the actual disciplinary histories are not admissible to attack character for truthfulness because they are extrinsic evidence prohibited by Rule 608(b)." *Tapp v. Tougas*, 2018 WL 1918605 at *4 (N.D.N.Y. 2018); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (FRE "Rule 608(b) . . . prohibits the introduction of extrinsic evidence of specific instances of conduct for the purpose of attacking one's credibility").

perceived by the defendants.  *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003).  For these reasons, defendants-officers routinely submit evidence of the totality of the circumstances to uphold their conduct as reasonable.  *See generally Scoma v. City of New York*, 2021 WL 1784385 at *2 (E.D.N.Y. 2021).

Here, the use of chemical agents was part of the entire extraction incident.  It is intertwined with other evidence that clearly is relevant to remaining claims — *i.e.*, it is shown on the videos, it is referenced throughout the documents about the incident, et cetera (Dkt. No. 94-1 (Ex. D at 1, Ex. E at 1, Ex. F at 1, Ex. T)).  Indeed, the use of chemical agents was itself part of the extraction because it was a form of force used during it (Dkt. No. 94-1 (Ex. D at 1)), and all of Plaintiff's claims are based on the extraction (*see* Dkt. No. 1 ¶ 6).  Furthermore, courts routinely allow officers to admit evidence showing the entire incident in order to reflect on the reasonableness of their conduct, and it should not be different for when a plaintiff wants to do the same.  Here, whether the need to kick, punch, use body holds on, and otherwise assault Plaintiff after he had been subjected to chemical agents and had been pleading to be let out of the cell certainly reflects on whether Defendants' conduct was objectively reasonable.  For the same reasons, it also reflects on proper considerations for the subjective component — to wit, the need for the application of force, the correlation between that need and the amount of force used, and the threat reasonably perceived by the defendants.

Turning to Plaintiff's arm injury, evidence of this injury certainly is relevant because it goes to Plaintiff's damages, as he alleges that he suffered that injury as a result of the extraction.  More to the point, Defendants presumably — although not explicitly stated in their papers — want to limit this injury to the handcuffing claim, but it has never been so limited in

any of the pleadings or in discovery.  Instead, Plaintiff merely testified that he never felt that kind of pain in his arm before the extraction, and it was there after — including being swollen like a "watermelon" the next day (Dkt. No. 45-3 at 79, 128-29, 138, 152, 159, 161).  Therefore, given that evidence of this injury — like all of Plaintiff's injuries — is directly related to his damages, it is admissible.  Accordingly, Defendants' motion with respect to unspecified evidence of dismissed claims should be denied.

## **CONCLUSION**

For the foregoing reasons and those discussed in Plaintiff's motion in limine, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety or in part as requested above, as well as granting Plaintiff such other and further relief that this Court deems just and proper.

Dated: September 7, 2021  
      Saratoga Springs, New York

By: /s/ *Phillip A. Oswald*  
Phillip A. Oswald. Esq., Bar Roll # 519974  
Rupp Baase Pfalzgraf Cunningham LLC  
227 Washington Street  
Saratoga Springs, NY 12866  
(518) 886-1902  
oswald@ruppbaase.com