**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER MASON,

                                        Plaintiff,

            - v -                                              Civ. No. 9:17-CV-1086
                                                                                (DJS)

M. MOORE, T. LAMICA, E. VELIE,
D. GAGNE, and B. TRUAX,

                                        Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

RUPP, BAASE, PFALZGRAF,                  PHILIP A. OSWALD, ESQ.
CUNNINGHAM, LLC                          CHAD A. DAVENPORT, ESQ.
*Pro Bono* Counsel for Plaintiff
227 Washington Street, Suite 1C
Saratoga Springs, New York 12866

HON. LETITIA JAMES                       ERIK BOULE PINSONNAULT, ESQ.
Attorney General of the State of New York   HELENA O. PEDERSON, ESQ.
Attorney for Defendants                  Assistant Attorney General
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

**I. INTRODUCTION**

On September 27, 2017, Plaintiff filed this action while an inmate in the custody

of the New York State Department of Corrections and Community Supervision

("DOCCS").  Dkt. No. 1, Compl.  The case is scheduled for trial beginning September

- 1 -

20, 2021.  Presently pending are Motions in Limine filed by Plaintiff and Defendants. Dkt. Nos. 72, Pl.'s Motion, & 89, Defs.' Motion.  The parties have filed opposition papers with respect to these Motions.  Dkt. Nos. 96, Pl.'s Opp. & 98, Defs.' Opp.  Also pending is a Motion to Amend the Complaint and/or for Sanctions.  Dkt. No. 94, Pl.'s Motion to Amend.  Defendants oppose that Motion.  Dkt. No. 101.  For the reasons which follow, the Motions in Limine are granted in part and denied in part.  The Motion to Amend and for Sanctions is denied.

## II. BACKGROUND

Plaintiff has multiple prior criminal convictions, including one for attempted robbery.  This case relates to a cell extraction that took place at Upstate Correctional Facility on October 3, 2014.  On that date, Plaintiff's cellmate, an inmate named Hyatt, was to be removed from his cell, but refused.  Ultimately, extraction teams were brought in to remove Hyatt and Plaintiff from the cell.  Prior to the extraction teams entering, a chemical agent was sprayed into the cell.  Plaintiff claims that during the extraction he was repeatedly punched and kicked by corrections officers and that neither Moore nor Truax intervened to stop the attack.  *See generally Mason v. Moore*, 2020 WL 555943, at *1 (N.D.N.Y. Jan. 13, 2020), *report and recommendation adopted*, 2020 WL 554816 (N.D.N.Y. Feb. 4, 2020).  Defendants deny that any improper force was used.

### III. MOTIONS IN LIMINE

### A.  Plaintiff's Criminal History

Defendants seek to introduce evidence of Plaintiff's conviction for Attempted Robbery in the Second Degree, a class D felony.  Defs.' Motion at pp. 1-2.  Plaintiff seeks to preclude such testimony.  Pl.'s Motion at pp. 4-6; Pl.'s Opp. at pp. 2-3.

Federal Rule of Evidence 609 controls the impeachment of a witness by evidence of a criminal conviction.  The general rule in a case such as this is that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403[.]" FED. R. EVID. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting FED. R. EVID. 403).  "In balancing the probative value against the prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Espinosa v. McCabe*, 2014 WL 988832, at *2 (N.D.N.Y. Mar. 12, 2014) (D'Agostino, J.) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).

However, "[c]riminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Espinosa v. McCabe*, 2014 WL 988832, at *2; *see also* FED. R. EVID. 609(b).  Plaintiff was not incarcerated with respect to the attempted robbery charge at the time of this incident.  That charge had resulted in an earlier period of incarceration that ended in February 2008.  That conviction, therefore, is more than ten years old and is governed by the standard under Rule 609(b).

While the credibility of the party's testimony will play a crucial part in the trial, by the very nature of Plaintiff's claim, the events having taken place at Upstate Correctional Facility, the jury will become aware that Plaintiff is a convicted felon.  Given that, the exact facts underlying the felony conviction or the specific charge are not overly probative of Plaintiff's credibility or the events at issue.  As a result, the jury will be advised that Plaintiff does have a felony conviction and that, as a result, he was incarcerated at a New York State Correctional Facility, but further inquiry as to his criminal record will be precluded.

## B. Disciplinary Record

Defendants seek to cross-examine Plaintiff regarding certain aspects of his prison disciplinary record, particularly disciplinary determinations finding him guilty of "smuggling, altered item, tampering, and contraband."  Defs.' Motion at p. 2.  Plaintiff seeks to preclude such questions.  Pl.'s Motion at pp. 6-8; Pl.'s Opp. at pp. 4-5.

Under FED. R. CIV. P. 608(b) the Court may permit cross-examination of a witness about prior specific bad acts "if they are probative of the character for truthfulness or untruthfulness of . . . the witness." Here, the Court finds that "any probative value of such cross-examination is substantially outweighed by the risk of unfair prejudice," *Tirado v. Shutt*, 2015 WL 6866265, at *6 (S.D.N.Y. Nov. 9, 2015), and Defendants are precluded from questioning Plaintiff regarding his disciplinary record. Defendants have failed to demonstrate how these particular disciplinary findings "have any bearing on character for truthfulness." *Tapp v. Tougas*, 2018 WL 1918605, at *4 (N.D.N.Y. Apr. 20, 2018). The referenced charges themselves do not clearly demonstrate that they bear on Plaintiff's veracity. *See, e.g.*, *Shepherd v. Smith*, 2019 WL 5212883, at *7 (N.D.N.Y. Oct. 16, 2019) (distinguishing between providing false information and smuggling for purposes of Rule 608).[1]

### C. Medical Records from Outside Hospitals

Defendants also seek to preclude the admission of records from outside hospitals "to the extent that [Plaintiff] cannot lay the foundation required to move these documents into evidence at trial." Defs.' Motion at p. 3. It goes without saying that Defendants may object to the lack of proper foundation at trial, but until such time as Plaintiff attempts to offer such records, the Court cannot address the sufficiency of the foundation. This portion of Defendants' Motion is thus premature.

---

[1] The Court reserves decision with respect to any questioning that may be relevant regarding charges directly related to this incident.

### D. Potential Indemnification

Defendants next seek to preclude any reference to potential indemnification under state law. Defs.' Motion at p. 4. "Who may pay for any damages the jury may award in this case is irrelevant to the questions the jury must answer." *Ferreira v. City of Binghamton*, 2016 WL 4991600, at \*4 (N.D.N.Y. Sept. 16, 2016); *see also Nunez v. Diedrick*, 2017 WL 4350572, at \*2 (S.D.N.Y. June 12, 2017) (citing cases). This aspect of the Motion is granted and Plaintiff shall make no reference to any potential indemnification of Defendants.

### E. Previously Dismissed Claims

Defendants finally seek to preclude Plaintiff from eliciting testimony about matters that have been previously dismissed from this case. Defs.' Motion at p. 4. While discussion of previously dismissed claims is likely to be irrelevant, at this point it is premature to render a decision without hearing what evidence, if any, Plaintiff may seek to introduce.

### F. Directive 4944

Directive 4944 is DOCCS' administrative directive regarding the use of force. Plaintiff seeks a pre-trial order finding the Directive relevant and admissible and precluding Defendants from testifying that they complied with the Directive. Pl.'s Motion at pp. 9-14. Defendants object to the admissibility of the Directive. Defs.' Opp. at pp. 3-4. The Court defers ruling on its admissibility until such time as a party actually seeks to admit it and there has been an opportunity for objections to be made and fully argued.

To the extent Plaintiff successfully admits the Directive, however, Defendants will not be precluded from testifying about their understanding of and compliance with the procedures set forth in it.

## IV. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff seeks leave to amend to add four new defendants to this action.  Pl.'s Motion to Amend at pp. 2-15.  Plaintiff bases his Motion in part on allegations of discovery misconduct on the part of Defendants, including not providing Plaintiff with a copy of video evidence "to retain for his own use." *Id.* at p. 5.  Plaintiff maintains that this and other "evasive discovery tactics prevented Plaintiff from meeting the Court's deadline to amend the pleadings." *Id.* at p. 6.

"Although FED. R. CIV. P. 15(a) provides that leave to amend a complaint shall be freely given when justice so requires, it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) ("whether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court.").  Denial of leave to amend is appropriate in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).  The Motion is denied for several reasons.

First, Plaintiff's request, as he recognizes, is clearly untimely.  The deadline for seeking leave to amend the pleadings expired on June 9, 2018.  Dkt. No. 21.  This request comes over three years after that deadline.  "[I]f the motion to amend is filed after the deadline imposed by the district court in its scheduling order, the plaintiff must also show good cause."  *LeClair v. Raymond*, 2021 WL 105768, at *6 (N.D.N.Y. Jan. 12, 2021) (internal quotations and citations omitted).  "In order to show good cause, the moving party must demonstrate that, despite having exercised diligence in its efforts to adhere to the court's scheduling order, the applicable deadline to amend could not reasonably have been met."  *Id.* (internal quotation marks and citations omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We now join these [circuit] courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party.").

As noted above, Plaintiff's *pro bono* counsel seeks to attribute the delay in seeking amendment to alleged discovery misconduct on the part of Defendants.  The Court has reviewed the filings made on behalf of Plaintiff and the record of this case as a whole and there is no basis for finding any misconduct on the part of Defendants or their counsel.  For example, while counsel claims that the failure to provide Plaintiff with a copy of DVDs of the cell extraction precluded him from properly identifying potential defendants, this argument fails to recognize the practical realities of Plaintiff's

former incarceration.  Reasonable DOCCS rules limit inmates' personal property and since inmates do not have ready access to DVD players while incarcerated, it is not practical for Plaintiff to have maintained a copy of the DVDs in his cell.  The record establishes that Defendants made the DVDs available for Plaintiff to review at his place of incarceration.  Further, providing redacted documents to an inmate is often necessary for legitimate security reasons.  Plaintiff concedes that the names of all the proposed defendants were known to Plaintiff throughout the course of this litigation.  Pl.'s Motion to Amend at p. 6.  On this record, Plaintiff has not shown good cause to excuse this untimely motion.

Second, leave to amend is denied as unduly prejudicial.  *Foman v. Davis*, 371 U.S. at 182; *Kropelnicki v. Siegel*, 290 F.3d at 130.  Generally stated, "[t]he law in this circuit is that . . . amendments after the close of discovery and on the eve of trial are prejudicial to the opposing party."  *Starter Corp. v. Converse, Inc.*, 1996 WL 684165, at *5 (S.D.N.Y. Nov. 26, 1996) (citing cases); *see also Zahra v. Town of Southold*, 48 F.3d at 685 ("It was entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial.").

Here, the addition of new parties would clearly prejudice the existing Defendants.  *James v. Universal Motown Recs., Inc.*, 2005 WL 665232, at *1 (S.D.N.Y. Mar. 22, 2005) ("the prejudice to the defendant of adding new parties literally on the eve of trial is patent.").  "To resolve said prejudice, the Court would be required to reopen discovery and extend the life of [the] case for many months when it is basically trial ready. The

Court concludes this would fail to promote the efficient and speedy disposition of the original controversy between the parties and would further contribute to the delay in resolving the instant case." *Judge v. New York City Police Dep't*, 2008 WL 5148737, at *2 (S.D.N.Y. Dec. 8, 2008).  It is no answer that Plaintiff wishes to conduct no further discovery.  The addition of new defendants would significantly delay this case.  The new defendants would need to be served with process and time would need to be allocated to them answering the Complaint or potentially seeking dismissal.  They would also be entitled to conduct discovery.  Because discovery is closed and the matter is scheduled for trial in just a few weeks, leave to amend is denied as overly prejudicial to Defendants.  *Dorsey v. Regan*, 2015 WL 3484933, at *5 (N.D.N.Y. June 2, 2015); *LaVigna v. State Farm Mut. Auto. Ins. Co.*, 736 F. Supp. 2d 504, 519 (N.D.N.Y. 2010).

## V. PLAINTIFF'S MOTION FOR SANCTIONS

As an alternative to amendment, Plaintiff seeks to sanction Defendants for what he claims has been discovery misconduct.  Plaintiff seeks two sanctions.  First, that the Court instruct the jury regarding liability of potential non-parties and second, that the Court issue an adverse inference instruction regarding Defendants' prior disclosures.  Pl.'s Motion to Amend at pp. 15-19.  Neither proposed instruction is warranted and the Motion for Sanctions is denied.

Plaintiff requested that should leave to amend to add new defendants be denied, the Court instruct the jury as follows:

> If you find that Plaintiff's Eighth Amendment rights were violated by the use of excessive force, then you must find for Plaintiff regardless of whether you are able to determine which corrections officer(s) among Defendants Lamica,

> Velie, Gagne, or any other officer(s) actually engaged in the conduct that violated Plaintiff's rights.

Dkt. No. 94-2 at p. 16. As proposed this instruction would direct the jury that it must find for Plaintiff if the jury concludes that any person, whether a named defendant or not, had used excessive force against Plaintiff. Such an instruction is plainly improper. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Hyatt v. Rock*, 2018 WL 1470619, at *3 (N.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1470578 (N.D.N.Y. Mar. 23, 2018). Plaintiff's proposed instruction would undermine that requirement by permitting the jury to find one or more of the named Defendants liable based on the actions of others. Under well-established principles, however, "[t]o establish a section 1983 claim, 'a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity.'" *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) (quoting *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004)); *see also Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (Plaintiff "must . . . establish that [Defendants] violated the Eighth Amendment by [their] own conduct"). As a result, the Court will not instruct the jury as Plaintiff requests.

Finally, Plaintiff asks the Court to instruct that it may draw an adverse inference regarding Defendants' production of certain documents. Pl.'s Motion to Amend. at pp. 17-19. To the extent this request is based on alleged misconduct, as the Court has already noted it finds no such misconduct. Moreover, Plaintiff's proposed instruction presumes

the admission of testimony at trial regarding redacted or withheld documents.  *See* Dkt. No. 76 at p. 16.  Since such testimony may not be elicited or admitted at trial, it is premature to decide whether such an instruction is proper in that context.

### VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's *Motions in Limine* are granted in part and denied in part as set forth above; and it is further

**ORDERED**, that the Defendants' *Motions in Limine* are granted in part and denied in part as set forth above; and it further

**ORDERED**, that Plaintiff's Motion to Amend or for Sanctions is denied.

Dated: September 16, 2021
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge